TAFUA F.M. SEUMANTJTAFA, Claimant,

v.

TUIAVATELE ALAI`A FILIFILI M.,
TAGATAOLEMANU ALOA TUPUA LE`I,
MOAALI`ITELE L.K. TU`UFULI, and
ELIU F. PAOPAO, Counterclaimants.

In re the Matai Title "GALEA`I"
of the Village of Fitiuta.

High Court of American Samoa
Land and Titles Division

MT No. 06-98

May 12, 2000

Before RICHMOND, Associate Justice, TUAOLO, Chief Associate Judge, SAGAPOLUTELE, Associate Judge, and TAUANU`U, Temporary Associate Judge.

Counsel: For Claimant Tafua F.M. Seumanutafa, Sala Samlu, L.P.
For Counterclaimant Tuiavatele Alai`a Filifili M., Tautai A.F. Faalevao

For Counterclaimant Tagataolemanu Aba Tupua Le`i, Asaua
Fuimaono
For Countercbaimant Moaali`itele L.K. Tu`ufuli, Aba L.
Su`esu`e Lutu.
For Counterclaimant Eliu F. Paopao, Arthur Ripley, Jr.

## OPINION AND ORDER

The matai title "Galea`i" of the Village of Fitiuta in the Manu`a Islands
became vacant when the incumbent Galea`i Peni Poumele passed away
in 1992. On April 21, 1995, Claimant Tafua F.M. Seumanutafa
("Tafua") offered to have the Territorial Registrar register the title in his
name. The claim was duly noticed, and 14 counterclaimants responded
within the 60-day notice period. On November 10, 1997, pursuant to
A.S.C.A. § 43.0302, the Secretary of Samoan Affairs issued a certificate
of irreconcilable dispute. On February 2, 1998, in accordance with
A.S.C.A. § 1.0409, the selection of the successor holder of the title was
referred to this Court for judicial determination.

Ten of the counterclaimants dropped out of contention before trial, and
their names have been deleted from the case caption. Counterclaimants
Fa`amafi S. Utu Galea`i and Filiupu Galea`i ("Filiupu") did not file the
required questionnaire. Both have now passed away. Counterclaimants
Ieremia O. Galea`i, Le`o V. Ma`o, Muaiao Mataese Tagaloa, Sala
Mamea, Jr. ("Sala"), Siaosi L. Galea`i, Setu P. Galea`i ("Setu"), and
Luce Tiuali`i Viena withdrew their candidacies. Counterclaimant Otto
Tavita V. Haleck ("Otto") filed the questionnaire shortly before trial but
then also withdrew his candidacy.

The remaining five candidates, Tafua and counterclaimants Tuiavatele
Alai`a Filiflli M. ("Tuiavatele"), Tagataclemanu Aba Tupua Lei
("Tagataolemanu"), Moaali`itele L.K. Tu`ufuli ("Moaali`itele"), and Eliu
F. Paopao ("Paopao") proceeded to trial. Trial began on February 14
and concluded on February 23, 2000. The five remaining candidates and
their counsel were present throughout the trial.

## Discussion

We adjudicate matai title successors based on evaluation of the evidence
in support of the four criteria mandated by A.S.C.A. § 1.0409. We will
discuss each criterion in the order of their statutory priority.

### 1. Best Hereditary Right

■ The traditional rule for judicial determination of hereditary rights
mathematically measures candidates' blood connection to a former
titleholder. *See In re Matai Title "Mulitauaopele"*, 17 A.S.R.2d 75, 80

(Land & Titles Div. 1990). Tafua maintained that he is the great great grandson of Galea`i Ulutui, and by this relationship, he has a 1/16th right to the title under the traditional rule. Moaali`itele acknowledged that he has the same relationship to Galea`i Ulutui.

Tuiavatele claimed that he is the great grandson of Galea`i Lapi, also known as Galea`i Rapi or Makapi. Based on this connection, he would have a 1/8th right to the title under the traditional rule. Tagateolemanu declared that he is the great grandson of Galea`i Vili. Thus, his right to the title under the traditional rube would also be based on a 1/8th connection to a titleholder. Paopao stated that he is the great great great grandson of Galea`i Sega, the same titleholder identified by Tafua and Moaali`itele. Thus, he has a 1/32nd right to the title under the traditional rule.

■ The modern alternative rule looks at the number of generations candidates are removed from the original holder, or at least from a common ancestral holder, of the title. *See In re Matai Title "Sotoa"*, 2 A.S.R.2d 15, 15 (Land & Titles Div. 1984). The *Sotoa* rule may provide a fairer comparison of the relative strength of candidates' blood relationships, especially when one or more clans have not had a titleholder for several generations. Application of the *Sotoa* rule, however, depends on evidence that identifies the original or another common ancestral titleholder and that traces blood relationships to this titleholder.

Tafua, Moaali`itele, and Paopao agreed that the original titleholder was Galea`i Lelologatele. They also agreed that Galea`i Vaimagalo was Lelologatele's son and was next held the title. Tagataolemanu maintained that the first titleholder was Galea`i Vaimagalo. Tuiavatele claimed that Tuimanuatele first held the title and preceded Galea`i Vaimagalo and Gabea`i Lelologatele, who in that order were his fifth and sixth "Galea`i" titleholders.

Tafua and Moaali`itele traced their ancestry to Vaimagalo through eight and to Lelologatele through nine generations. Tuiavatele, Tagataolemanu, and Paopao did not, however, trace their lineages beyond the ancestral titleholder nearest to each of them. Moreover, Tuiavatele did not consider either Lelologatele or Vaimagalo to be the original titleholder, and the other four candidates did not recognize Tuimanutele as a titleholder. Thus, as a practical matter, we cannot apply the *Sotoa* rule in this case.

We take note, at this point, that Paopao listed only the two most recent "Galea`i" titleholders in his original questionnaire and provided a more complete list, except for leaving the third, fourth, and fifth holders blank, only in an amended questionnaire that was basically the same list

provided earlier by Tafua in his first questionnaire. Similarly, Tagataolemanu provided a list of only the five most recent "Galea`i" titleholders, and named none of the seven and eight titleholders respectively listed by Tafua and Moaali`itele between Galea`i Vaimagalo and Galea`i Vili. Tuiavatele not only listed persons as his first four titleholders and his seventh titleholder not mentioned by any other candidate, but he also omitted four titleholders listed by Tafua and Moaali`itele between Galea`i Lifa and Galea`i Makapi (Galea`i Lapi or Rapi according to Tuiavatele). These factors raise considerable doubts about the knowledge of family history shown by Tuiavatele, Tagataolemanu, and Paopao and the depth of their research on this subject.

Resorting to literal application of the traditional rule, Tulavatele and Tagataolemanu have, at 1/8th each, the closest blood connection to a previous "Gabea`i" titleholder. Tafua and Moaali`itele are tied next with a 1/16th relationship. Paopao has a 1/32nd relationship. On this basis, both Tuiavatele and Tagataolemanu rank first with the best hereditary right to the title, Tafua and Moaali`itele come in second best, and Paopao is last.

We are persuaded by a preponderance of the evidence, however, that while Tafua and Moaali`itele established their hereditary rights to the "Galea`i" title with clear and convincing information, Tuiavatele, Tagataolemanu, and Paopao failed to satisfactorily show their respective asserted hereditary rights to the title because of their vague, incomplete, and uncertain knowledge concerning their family history. We therefore hold that Tafua and Moaali`itele, with their equal hereditary rights to the "Galea`i" title, prevail together over the other three candidates on the criterion of best hereditary right.

## 2. Wish of the Majority or Plurality of the Family Clans

All candidates agreed that the Galea`i family has two clans, one called Tutu and the other Pulenu`utu. The candidates disagreed on the identity of the original titleholder and, therefore, on the identity of the first titleholder's children, a common customary basis for clan identity among Samoan families. Clan membership in the Galea`i family, however, is not based on descendence from the original titleholder's children. The origin of the two Galea`i clans is not clear from the evidence, but it is clear that for a very bong time, if not time immemorial, the family has had only the Tutu and Pulenu`utu clans. Thus, a candidate must have the support of both clans to prevail on this criterion.

Clearly, each of the five remaining candidates has support among individual members of both family clans to be the next holder of the

287

"Galea`i" title. It is also clear that each clan met separately on various occasions to discuss the clan's choice for the successor to the title. The Pulenu`utu clan was apparently inclined to endorse either Moaali`itele or Otto, one of the withdrawn candidates. The Tutu clan apparently prepared to support Setu, who has also now withdrawn and is the last titleholder Galea`i Peni Poumele's son. Beginning after the first anniversary of Galea`i Peni Poumele's death, both clans met as an extended family on four occasions to discuss the matter of and select the next "Galea`i" titleholder. The four meetings were held at the Tutu clan's traditional guesthouse in Fitiuta, two before and two after Tafua filed his claim to the title with the Territorial Registrar on April 21, 1995. The first meeting took place in October 1993, the second in January 1994, the third in 1995 shortly after Tafua claimed the title, and the fourth on October 25, 1997.

The holder of matai title "Filiupu" in the Galea`i family is the traditional *fetalaiga samatua* to the "Galea`i" title responsible for calling the extended Galea`i family's meetings to select a successor "Galea`i" titleholder. However, Filiupu lived off-island at the time of the first three meetings. As a result, Tafua, after consulting with Moaali`itele and other family matai, issued the notices of the first two meetings. It is not entirely clear from the evidence who issued the notice of the third meeting. However, Filiupu issued the notice of the fourth meeting. The notices were disseminated by radio broadcasts and word of mouth.

Tafua attended the first three extended family meetings. He was not present but had supporters at the last meeting. Tuiavatele and Tagataolemanu did not attend any of the four meetings, but they had supporters at these meetings. Moaali`itele was present at all four meetings. Paopao attended only the third meeting. However, he too had supporters at the fourth meeting.

The ultimate decision at the first two meeting was to put the selection of the next "Galea`i" titleholder over for discussion and decision at a later meeting. The participants, representing both clans, discussed the purpose of the meeting, but no one was nominated for the title at either meeting. At the third meeting, the Tutu clan's representative matai nominated Setu, the last titleholder's son. However, the Pulenu`utu clan still did not put forward a candidate, and once again the selection was reserved for another meeting.

At the fourth meeting, on October 25, 1997, both Moaali`itele and Otto were nominated by Pulenu`utu clan members. All of the present and former candidates were either present or represented by supporters. Numerous attendees spoke. Former candidate Sala then withdrew and supported Moaali`itele. Except for Setu, the other six former candidates, all present at this meeting, also withdrew in Moaali`itele's favor. Setu's

sister, on his behalf, withdrew his candidacy. The Pubenu`utu clan's representative matai then asserted his clan's decision to support Moaali`itele rather than Otto. This set the stage for the traditional *ava* cup ceremony denoting the next titleholder's selection. Filiupu notified the Fitiuta village council of the decision at this meeting, and after the council assembled, those present administered the *ava* cup to Moaali`itele.

The presently remaining candidates, other than Moaali`itele, were not at the fourth meeting and hence did not personally participate in the decision on October 25, 1997 to select Moaali`itele. Accordingly, they have exercised their right to persist in their respective candidacies. However, we find that by consensus at a properly constituted family meeting, the two clans of the extended Galea`i family, Tutu and Pulenu`utu, selected Moaali`itele to be next holder of the "Galea`i" title. Therefore, we conclude that Moaali`itele prevails over Tafua, Tuiavatele, Tagataolemanu, and Paopao on this criteria.

### 3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

Each of the five candidates received his elementary school education in American Samoa and is a graduate from high school either here or outside of the Territory. Each has also benefitted from education or training beyond high school. Three of them, Tafua, Moaali`itele, and Paopao have earned college degrees. In sum, the candidates are a well-educated group.

Tafua has pursued a successful career as an educator, administrator, and small businessman. He is presently a special assistant to the Governor assigned to manage the Country Club at the public golf course operated by the American Samoa Government ("ASG"). Tuiavatele was a professional boxer earlier in his life and has held various jobs encompassing included administrative experience, as well as owning small businesses. Tagataolemanu retired after a military career and has remained active in both the private and public sectors. He is presently employed in ASG's Tax Office. Moaali`itele also has had military, teaching and business experience, along with a lengthy public safety career, which included holding the position of ASG's Commissioner of Public Safety. For the past several years, he has been a Senator in and is now the President Pro Tem of the Senate of the Legislature of American Samoa. Paopao was also a teacher, was an auditor for a private firm, operates a small business, and has had a lengthy career in ASG administrative positions. He is presently ASG's Director of Administrative Services. Each of the candidates has had and continues

289

to have a distinguished career.[4]

Tafua, Moaali`itele, and Paopao, especially, have been active on various ASG boards and commissions, and have undertaken important special assignments and activities for ASG's benefit from time to time. Each of the candidates resides in a village on the Island of Tutuila rather than in Fitiuta. Tuiavatele, Tagataobemanu, Moaali`itele, and Paopao, in particular, participate in the affairs of their residential villages on Tutuila. However, they, along with Tafua, remain involved in Fitiuta affairs, including *iautua* ("service") to the village council. Similarly, each candidate takes ardent part in worship and other matters pertaining to the church he attends on Tutuila. Tafua, Moaali`itele, and Paopao are also strong supporters of the Congregational Christian Church of American Samoa in Fitiuta.

Even though each candidate holds a matai title in a family other than the Galea`i family, each also partakes in the Galea`i family's affairs. Since Tafua and Moaali`itele hold titles in the Moaali`itele family of Fitiuta, interacting with the Galea`i family in Fitiuta affairs, they are probably somewhat more regularly active in the Galea`i family's affairs. This may explain their more complete and certain knowledge of the family's history. In any event, because of a lifetime of cultural involvement, each candidate is well-versed in Samoan customs.

In terms of the third criterion, we find that all of the candidates possess the characteristics of a good family leader. However, based on demeanor as well as testimony, we further find that Moaali`itele is more forceful than the other four candidates. We hold that Moaali`itele has the advantage and, accordingly, prevails over the other four candidates on the criterion of forcefulness, character, personality, and knowledge of Samoan customs.

### 4. Value to Family, Village and Country

Based on their respective personal histories, we find that all of the candidates have admirably served the Galea`i family, Village of Fitiuta, and Territory of American Samoa. We have no doubt that each candidate would bring credible and worthy service to the family, village, and Territory as the next holder of the "Galea`i" title. Again, however, Moaali`itele stands out, based on his high-level service in ASG and as the holder of the *sa`o* ("senior chief") title of the Moaali`itele family of Fitiuta for over 30 years. We conclude, therefore, that Moaali`itele also

---

[4] Evidence involving possible violations of laws, though not prosecuted to date, was submitted during, the course of the trial. We considered this evidence, but only as unproven allegations, in analyzing and reaching our findings and conclusions on the third and fourth criteria.

prevails over the other four candidates on the criterion of prospective value to family, village, and country.

## Conclusion

Tafua and Moaali`itele are equally entitled by hereditary right to the "Galea`i" title and prevail over Tuiavatele, Tagataolemanu, and Paopao on this highest priority criterion for judicial selection of a successor titleholder. Moaali`itele prevails over Tafua and the other three candidates on the other three criteria: majority clan wish; leadership qualities and knowledge of Samoan custom; and prospective service value. We therefore will award the "Galea`i" title to Moaali`itele.

## Order

The "Galea`i" title is awarded to Moaali`itele L.K. Tu`ufuli. The Territorial Registrar shall register the "Galea`i" title in Moaali`itele's name, provided that he has resigned from and is not holding any other registered title.

It is so ordered.